Sidney Leviss, J.
In this action for a declaratory judgment (hereinafter action No. 1), plaintiffs move for summary judgment. The question before this court is whether the insurance policy issued by defendant to plaintiffs obligates defendant to defend an action brought against the instant plaintiffs in the Supreme Court, Nassau County (hereinafter action No. 2) and to pay within the policy limits any judgment or liability which may be imposed upon plaintiffs therein.
The plaintiff in action No. 2 alleges that a used car dealer *1043 hired the gasoline service and inspection station owned by plaintiffs in action No. 1 to inspect a vehicle that was to be sold; that in reliance upon the inspection which certified the vehicle to be in good operating condition, the plaintiff purchased said vehicle; that in fact the vehicle was mechanically deficient; and that defendants knowingly and fraudulently failed to comply with the commissioner’s regulations with regard to inspections and falsely asserted compliance with said regulations. A second cause of action in action No. 2 alleges breach of warranty in that the motor vehicle sold to plaintiff was not fit for the purpose for which it was purchased.
Plaintiffs in action No. 1 claim that there is coverage under the garage liability portion of the policy. A relevant portion of that policy provides:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage G — bodily injury or
Coverage H — property damage
to which this insurance applies, caused by an occurrence and arising out of garage operations, * * * and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage”.
More specifically, plaintiffs contend that the complaint in action No. 2 alleges property damage as defined in the policy, to wit: "(2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.”
The court finds no merit in plaintiffs’ argument. "Occurrence” as defined in the policy means "an accident, including continuous or repeated exposure to conditions.” Clearly, no matter how one interprets the complaint in action No. 2, there was no "occurrence” causing any property damage to plaintiffs in that action. Therefore the court finds that there was no coverage under the policy.
Accordingly, there being no question of fact, summary judgment is granted defendant (CPLR 3212, subd [b]). Plaintiffs’ motion for summary judgment is denied.